

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

JEFFREY DAJUAN ALLEN,

    Movant,

v.                        CRIMINAL NO. 2:02-00074-01
                          (Civil Action No. 2:03-2185)

UNITED STATES OF AMERICA,

    Respondent.

FILED OCT 23
TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

### PROPOSED FINDINGS AND RECOMMENDATION

By Standing Order, Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion," docket sheet document # 69), was referred to this United States Magistrate Judge for submission of proposed findings and recommendation for disposition.

Movant, Jeffrey Dajuan Allen (hereinafter referred to as "Defendant"), is serving a 120 month period of imprisonment, to be followed by a three year term of supervised release, upon his guilty plea to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The District Court also imposed a special assessment of $100.00, and a fine of $7,500.00. (Judgment in a Criminal Case entered September 16, 2002, # 48.)

A direct appeal was not filed on Defendant's behalf. Defendant filed a Notice of Appeal pro se on March 10, 2003 (# 51).

The appeal was dismissed on the government's motion (# 65).

Defendant raises four grounds for relief in his Motion, as follows:

> Ground I: Denial of right to appeal.
>
> Ground II: Denial of effective assistance of counsel with respect to failure to file a timely notice of appeal.
>
> Ground III: Involuntariness of the guilty plea.
>
> Ground IV: Ineffective assistance of counsel at sentencing.

(Motion, at 5A-5D.)

The United States filed a response in which it stated that "it does not oppose a limited award of collateral relief sufficient to allow defendant an opportunity to file a direct appeal of his conviction and sentence." (Response, at 2.)

Failure to Appeal

The long-standing rule in the Fourth Circuit is that failure of counsel to pursue a direct appeal when requested by a client is per se ineffective assistance of counsel. United States v. Peak, 992 F.2d 39, 41 (4th Cir. 1993); see Rodriguez v. United States, 395 U.S. 327 (1969); cf. Peguero v. United States, 526 U.S. 23, 28 (1999)("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). The Supreme Court of the United States modified this rule somewhat in Roe v. Flores-Ortega, 528 U.S. 470 (2000). In that case, the Supreme Court held:

2

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. * * *
>
> [W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal. * * *
>
> We similarly conclude here that it is unfair to *require* an indigent, perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal. Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed.

528 U.S. at 480, 484, 486. [Emphasis in original.]

The Fourth Circuit followed the Flores-Ortega holdings in United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000). In Miller v. United States, 150 F. Supp.2d 871, 880 (E.D.N.C. 2001), the court interpreted Witherspoon to "strongly suggest[] that advice about appeal should be given after sentencing."

Defendant asserts that he was assured by his attorney that a direct appeal would be filed on his behalf. The United States indicates that Defendant's attorney lacks any documentation of his recollection that Defendant did not wish a direct appeal. Accordingly, in the interest of justice and judicial economy, the court proposes that the presiding District Judge find that Defendant reasonably demonstrated to his attorney that Defendant

3

desired a direct appeal, and his attorney failed to file a notice of appeal, which failure constitutes *per se* ineffective assistance of counsel. Defendant, by filing a Notice of Appeal *pro se*, demonstrated that, but for counsel's deficient conduct, he would have appealed. The remedy for failure to take an appeal is vacating and immediately re-entering the Judgment in a Criminal Case, so as to re-start the time period for filing a notice of appeal.

It is respectfully **RECOMMENDED** that the presiding District Judge grant Defendant's § 2255 Motion on Ground I to the extent that the Judgment in a Criminal Case be vacated, and promptly re-entered, and that the Clerk be directed to file a notice of appeal on Defendant's behalf while he completes a Financial Affidavit to determine whether he qualifies for *in forma pauperis* status and court-appointed counsel on appeal.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Charles H. Haden. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing/service) and ten days (filing of objections) from the date of filing of this Proposed Findings and

Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Haden, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record, to Defendant, and to David D. Perry.

October 23, 2003
Date

Mary E. Stanley
United States Magistrate Judge

5